Ralph S. LaMontagne, Jr. [State Bar No. 91536]
rlamontagne@l-a-lawoffices.com
Eric A. Amador [State Bar No. 143395]
eamador@l-a-lawoffices.com
LaMONTAGNE & AMADOR LLP
150 S. Los Robles Avenue, Suite 940
Pasadena, California 91101
Telephone:  (626) 765-6800
Facsimile:  (626) 765-6801

Attorneys for Defendants
AIG AEROSPACE INSURANCE SERVICES,
INC. and AIG AEROSPACE ADJUSTMENT
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ACADEMY HOLDINGS, INC. (a Delaware corporation),<br><br>Plaintiff,<br><br>vs.<br><br>AIG AEROSPACE INSURANCE SERVICES, INC. (a Georgia corporation); AIG AEROSPACE ADJUSTMENT SERVICES, INC. (a Georgia corporation); and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:20-CV-00548-NONE-SKO<br><br>**STIPULATION AND ORDER FOR VDRP REFERRAL**<br><br>Doc. 10 |

**ALL THE UNDERSIGNED PARTIES TO THIS ACTION HEREBY STIPULATE AS FOLLOWS:**

1  WHEREAS, during a meet-and-confer process between the parties herein ("the Parties"), counsel for the plaintiff in this action, American Academy Holdings, Inc. ("American Academy" or "Plaintiff"), has this month informed counsel for the defendants named in this action, AIG Aerospace Insurance Services, Inc., and AIG Aerospace Adjustment Services, Inc. ("Defendants"), that American Academy has discovered that it made a fundamental error in the breach allegations in its complaint herein, that is, the contract and insurance "bad faith" allegations and claims are premised upon an alleged dispute substantially different from the actual claim that Plaintiff had intended to bring against the Defendants, such that Plaintiff will need to move to amend its complaint in a very significant manner.

WHEREAS, counsel for Defendants has explained to counsel for Plaintiff that neither Defendant is the actual entity that issued any policy of insurance to Plaintiff and therefore neither has any contractual privity with Plaintiff or duties to it and that, depending upon the nature of the revised allegations that Plaintiff may make, counsel for Defendants would need to ascertain the identity of any relevant insuring entity, which could prompt Plaintiff to seek a substitution of defendants.

WHEREAS, counsel for the Defendants has brought to the attention of counsel for Plaintiff various other asserted problems with this action, which counsel for Plaintiff is discussing with his client.

WHEREAS, the Parties understand that the Court is working under a heavy caseload with limited resources.

WHEREAS, counsel for Plaintiff has suggested that it would be beneficial for the Parties to engage in the Voluntary Dispute Resolution Program ("VDRP") before engaging in expensive litigation and discovery.

WHEREAS, the Defendants are currently unaware of what Plaintiffs will allege or seek in recovery, and rather than incur the expense of proceeding with litigation and discovery track, it may make sense engage in the VDRP.

WHEREAS, because Defendants do not know exactly what Plaintiff plans to allege and they are not the contracting parties, such that for practical purposes the case is not really even at issue, it seems problematic to make initial disclosures, meet and confer regarding the scheduling conference or engage in the scheduling conference process.  This is particularly true because of the Rule 16 scheduling conference now set for July 14 of this year.

NOW, THEREFORE, pursuant to L.R. 271 and for the good cause appearing above, the Parties propose that the Court order:

1. The case shall be referred to the VDRP;
2. This process shall be completed within 90 days of the Court's order to this effect, and the Neutral shall file confirmation of that completion within fourteen days after such completion;
3. Because of the reference to the VDRP, the case management plan shall be modified so as to amend the Court's April 17, 2020, order (Doc. 5), setting a mandatory scheduling conference for July 14, 2020, so as to continue the mandatory scheduling conference to a date in late October of 2020 or as soon thereafter as the Court's schedule permits, *viz.*, _____;
4. During the first thirty days of this VDRP period, counsel for Plaintiff shall provide a draft proposed amended complaint to counsel for Defendants to review, setting forth the Plaintiff's claims as required by Fed.R.Civ.P. 8(a); and
5. All other pretrial activity, including but not limited to pleading, discovery and motions, shall be stayed until the VDRP session is concluded.

///
///
///
///
///

**IT IS SO STIPULATED.**

Dated:  July 2, 2020                Respectfully submitted,

                                          Law Offices of JOHN P. HANNON II

                                          By:  *John P. Hannon II*              */s/*
                                                John P. Hannon II
                                                Attorneys for Plaintiff
                                                AMERICAN ACADEMY HOLDINGS, INC.

Dated:  June 23, 2020               Respectfully submitted,

                                          LaMONTAGNE & AMADOR LLP

                                          By:  *Eric A. Amador*              */s/*
                                                Ralph S. LaMontagne, Jr.
                                                Eric A. Amador
                                                Attorneys for Defendants
                                                AIG AEROSPACE INSURANCE
                                                SERVICES, INC. and AIG AEROSPACE
                                                ADJUSTMENT SERVICES, INC.

**ORDER**

Having reviewed the parties' above-stipulation (Doc. 10), and for good cause shown, the Court hereby GRANTS the parties' request to refer this case to this Court's Voluntary Dispute Resolution Program ("VDRP") pursuant to Local Rule 271, and ORDERS as follows:

1. The case is referred to the VDRP;
2. The VDRP process shall be completed within 90 days of the date of this order, and the Neutral shall file confirmation of that completion within fourteen days after such completion;
3. During the first thirty days of the VDRP period, counsel for Plaintiff shall provide a draft proposed amended complaint to counsel for Defendants to review, setting forth the Plaintiff's claims as required by Fed. R. Civ. P. 8(a);
4. All other pretrial activity, including but not limited to pleading, discovery and motions, shall be stayed until the VDRP session is concluded; and

5. In order to allow time for the parties to participate in the VDRP, the mandatory scheduling conference, currently set for July 14, 2020, is **CONTINUED to October 27, 2020, at 9:30 A.M. before Magistrate Judge Sheila K. Oberto**. The parties shall file their joint scheduling report (*see* Doc. 5) no later than seven days before the conference.

IT IS SO ORDERED.

Dated:   **July 7, 2020**                              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE