1  Ralph S. LaMontagne, Jr. [State Bar No. 91536]
2  rlamontagne@l-a-lawoffices.com
   Eric A. Amador [State Bar No. 143395]
3  eamador@l-a-lawoffices.com
4  LaMONTAGNE & AMADOR LLP
   150 S. Los Robles Avenue, Suite 940
5  Pasadena, California 91101
6  Telephone:  (626) 765-6800
   Facsimile:  (626) 765-6801
7
8  Attorneys for Defendants
   AIG AEROSPACE INSURANCE SERVICES,
9  INC. and AIG AEROSPACE ADJUSTMENT
   SERVICES, INC.
10

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 AMERICAN ACADEMY HOLDINGS, 15 INC. (a Delaware corporation), 16      Plaintiff, 17 18    v. 19 AIG AEROSPACE INSURANCE 20 SERVICES, INC. (a Georgia corporation); AIG AEROSPACE ADJUSTMENT 21 SERVICES, INC. (a Georgia corporation); and DOES 1 through 20, inclusive, 22 23      Defendants. | Case No. 1:20-CV-00548-NONE-SKO **STIPULATION AND ORDER TO CONTINUE MANDATORY SCHEDULING CONFERENCE PENDING AMENDMENT OF COMPLAINT** [Merced County Superior Court No. 20CV-01233] (Doc. 14) |

24

25

26  **THE UNDERSIGNED PARTIES TO THIS ACTION HEREBY STIPULATE**

27  **AS FOLLOWS:**

28

WHEREAS, during a previous meet-and-confer process between the parties herein ("the Parties"), counsel for the plaintiff in this action, American Academy Holdings, Inc. ("American Academy" or "Plaintiff"), informed counsel for the defendants, AIG Aerospace Insurance Services, Inc., and AIG Aerospace Adjustment Services, Inc. ("Defendants"), that American Academy had discovered that it made a fundamental error in the allegations in its current complaint herein, that is, the contract and insurance "bad faith" allegations and claims are premised upon an alleged dispute substantially different from the actual claim that Plaintiff had intended to bring against the Defendants, such that Plaintiff needed to amend its complaint in a very significant manner.

WHEREAS, during these discussions, counsel for Defendants also explained to counsel for Plaintiff that neither Defendant is the actual entity that issued any policy of insurance to Plaintiff and therefore neither has any contractual privity with Plaintiff or duties to it.  Counsel for Defendants then provided counsel for Plaintiff with a copy of the insurance policy that would be at issue (assuming that Plaintiff amends its complaint as Defendants anticipate it will) identifying the relevant insuring entity as National Union Fire Insurance Co. of Pittsburgh, PA, a fact that, in the view of Defendants' counsel, should prompt Plaintiff to seek a substitution of defendants by amended complaint under Fed.R.Civ.P 15.

WHEREAS, counsel for the Defendants has brought to the attention of counsel for Plaintiff various other perceived problems with this action, which counsel for Plaintiff agreed to discuss with his client.

WHEREAS, in the view of counsel for the Parties, under the state of the pleadings at that time it was problematic for the Parties to make their initial disclosures and proceed with a scheduling conference and a proposed scheduling order.

WHEREAS, the Parties understood that the Court is working under a heavy caseload with limited resources.

1   WHEREAS, during their earlier discussions counsel for Plaintiff also
2   suggested to counsel for Defendants that it would be beneficial for the Parties to
3   engage in the Voluntary Dispute Resolution Program ("VDRP") before engaging in
4   expensive litigation and discovery.

5   WHEREAS, in light of all these circumstances, the Parties submitted a
6   stipulation to that effect, which this Court approved on July 7, 2020 (see Doc. 10),
7   staying "all pretrial activity, including but not limited to pleading, discovery and
8   motions" during the VDRP process, with a Mandatory Scheduling Conference
9   continued from July 14 to October 27, 2020.

10   WHEREAS, by that same stipulation and order (Doc. 10), "[d]uring the first
11   thirty days of [the] VDRP period, counsel for Plaintiff [was to] provide a draft
12   proposed amended complaint to counsel for Defendants to review, setting forth the
13   Plaintiff's claims as required by Fed.R.Civ.P. 8(a)."

14   WHEREAS, Plaintiff's counsel timely complied with that part of this Court's
15   order; however, as counsel for Defendants pointed out at the time, the proposed
16   amended complaint still contained erroneous allegations regarding a dispute that is
17   not actually at issue, and still named the wrong defendants.

18   WHEREAS, following these further discussions, last month the Parties
19   engaged in the VDRP before James H. Wilkins, Esq.; however, the action did not
20   settle.

21   WHEREAS, following the VDRP, it remains true that Plaintiff must still
22   amend its complaint, and Defendants still do not know exactly what Plaintiff plans to
23   allege and Defendants still are not the contracting parties; so the case is still not at
24   issue, and it still seems problematic to make initial disclosures, meet and confer
25   regarding the scheduling conference or engage in the scheduling conference process.
26   These problems are more immediate because of the Rule 16 scheduling conference
27   now set for October 27.

28

NOW, THEREFORE, pursuant to Fed. R. Civ. P. 16, L.R. 143, and L.R. 240 and for the good cause appearing above, the Parties propose that the Court order:

1. Within seven days of the entry of this proposed order, counsel for Plaintiff shall provide a revised proposed amended complaint to counsel for Defendants to review, setting forth the Plaintiff's claims as required by Fed.R.Civ.P. 8(a);

2. Within seven days of receiving the revised proposed amended complaint, counsel for Defendants shall inform counsel for Plaintiff whether Defendants will stipulate to its filing under Fed.R.Civ.P. 15;

3. Within twenty-one days of the date of this proposed order, the Defendants shall either stipulate to the filing of such an amended pleading, or Plaintiff may seek leave of Court for the filing of an amended complaint and/or substitution of defendants; and

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

STIPULATION AND PROPOSED ORDER TO CONTINUE MANDATORY SCHEDULING CONFERENCE PENDING AMENDMENT OF COMPLAINT

1    4.  In order to allow Defendants time to file a responsive pleading and the

2        Parties time to meet and confer ahead of time, the mandatory scheduling

3        conference shall be continued to a date in early January of 2021 or as soon

4        thereafter as the Court's schedule permits, *viz*., _____.

5
**IT IS SO STIPULATED.**
6
Dated:  October 15, 2020            Respectfully submitted,
7
8                                   Law Offices of JOHN P. HANNON II

9
                                    By:_*John P. Hannon II*_____ */s/*
10
                                        John P. Hannon II
11                                  Attorneys for Plaintiff
                                    AMERICAN ACADEMY HOLDINGS, INC.
12

13   Dated:  October 15, 2020            Respectfully submitted,

14
                                    LaMONTAGNE & AMADOR LLP
15

16
                                    By:_*Eric A. Amador*_____ */s/*
17                                      Ralph S. LaMontagne, Jr.
                                        Eric A. Amador
18                                  Attorneys for Defendants
19                                  AIG AEROSPACE INSURANCE
                                    SERVICES, INC. and AIG AEROSPACE
20                                  ADJUSTMENT SERVICES, INC.

21

22

23

24

25

26

27

28

**ORDER**

Having reviewed the Parties' stipulation above and for good cause shown, the Court hereby **GRANTS** the Parties' request and **ORDERS** as follows:

1. Within seven days of the entry of this order, counsel for Plaintiff shall provide a revised proposed amended complaint to counsel for Defendants to review, setting forth the Plaintiff's claims as required by Fed.R.Civ.P. 8(a);

2. Within seven days of receiving the revised proposed amended complaint, counsel for Defendants shall inform counsel for Plaintiff whether Defendants will stipulate to its filing under Fed.R.Civ.P. 15;

3. Within twenty-one days of the date of this order, the Defendants shall either stipulate to the filing of such an amended pleading, or Plaintiff may seek leave of Court for the filing of an amended complaint and/or substitution of defendants; and

4. In order to allow Defendants time to file a responsive pleading and the Parties time to meet and confer ahead of time, the mandatory scheduling conference shall be continued to **January 26, 2021**, at 9:30 A.M., before Magistrate Judge Sheila K. Oberto.  The parties shall file their joint scheduling report no later than seven days before the conference.

IT IS SO ORDERED.

Dated:   __October 19, 2020__              _/s/ Sheila K. Oberto_
                                          UNITED STATES MAGISTRATE JUDGE

1

## <u>CERTIFICATE OF SERVICE</u>

2

I HEREBY CERTIFY that, on October 16, 2020, I electronically transmitted a

3

4

**STIPULATION AND PROPOSED ORDER TO CONTINUE MANDATORY**

5

**SCHEDULING CONFERENCE PENDING AMENDMENT OF COMPLAINT**

6

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice

7

of Electronic Filing to the following CM/ECF registrants:

8

9

John P. Hannon II, Esq.                                Telephone:  831-476-8005

10

Law Offices of John P. Hannon II                Facsimile:  831-476-8984

716 Capitola Ave., Suite F

11

Capitola, CA  95010

12

Attorneys for Plaintiffs,

13

AMERICAN ACADEMY HOLDINGS, INC.

14

15

            *Eric A. Amador            .        /s*

16

            Eric A. Amador

17

18

19

20

21

22

23

24

25

26

27

28

7

STIPULATION AND PROPOSED ORDER TO CONTINUE MANDATORY SCHEDULING
CONFERENCE PENDING AMENDMENT OF COMPLAINT